Houck, J.
Error is here prosecuted, in which it is sought to reverse a judgment of the common pleas court rendered against plaintiff in error, Ralph Baker, who was convicted upon an indictment found by the grand jury of Licking county, in which he was charged with failing to support his two minor children. The indictment contained but one count, and no motion or demurrer was filed to the indictment by the accused. The defendant entered a plea of not guilty to the charge contained in the indictment, and in open court waived his right to a jury trial, and the cause was submitted to the trial judge, to be heard and determined upon the evidence and the law. Trial *340 was had, and the defendant was acquitted as to the charge made against him in the indictment of failing to provide for his minor son, John Baker, but he was found guilty, as charged in the indictment, of failing to provide for Russell Baker. The trial judge made a finding of facts and conclusions of law, which is as follows:
“This day came the parties and this cause came on for trial upon the indictment and the plea of not guilty made by the defendant herein, and by consent of the parties a jury was waived and this cause submitted to the court upon the indictment, plea, and the evidence. And the court being fully advised in the premises, on the request of the defendant that its conclusions of fact be stated separately from its conclusions of law, find, as its conclusion of fact that:
“From the first day of May, 1915, until the date of the finding of the indictment herein, the said defendant was the father of John Baker, of the age of fifteen years, Russell Baker, of the age of five years, both being under the age of sixteen years, and that said children were residents of Licking county, Ohio; that the defendant did not fail, neglect or refuse to provide the said John Baker with a necessary and proper home, care, food and clothing during the time named in said indictment, and that the said defendant was able, by reason of his personal labor and earnings to provide said John Baker with the necessary and proper home, care, food and clothing; that the said defendant did fail, neglect and refuse to provide Russell Baker named in said indictment with *341 the necessary and proper home, care, food and clothing during said period.
“And as its conclusions of law upon the facts found, the court find that the said defendant is not guilty as charged in said indictment of failing, neglecting and refusing to provide John Baker with necessary and proper food, home, care and clothing, and that the said defendant is guilty of failing, neglecting and refusing to provide the said Russell Baker with the necessary and proper home, care, food and clothing during said time as charged in said indictment. To which finding of the court, as to the said Russell Baker, the defendant excepts.
“It is therefore adjudged by the court that the said defendant is not guilty as charged in said indictment of failing, neglecting and refusing to provide the said John Baker with necessary and proper home, care, food and clothing as charged in said indictment.
“And it is further adjudged by the court that the said defendant is guilty of failing, neglecting and refusing to provide the said Russell Baker with the necessary and proper home, care, food and clothing as charged in said indictment. To which judgment of the court, finding the said defendant guilty as to said Russell Baker, the defendant excepts.
“It is therefore ordered and adjudged by the court that unless the said defendant forthwith appear before this court and enter into a bond to the state of Ohio in the sum of five hundred ($500) dollars, with sureties approved by this court, con *342 ditioned that the defendant will furnish the said Russell Baker with necessary and proper home, care, food and clothing, it is ordered and adjudged by the court that the said defendant be imprisoned in the jail of said county at hard labor for not less than six months and to pay the costs of prosecution. To which judgment of the court said defendant excepts.
“Thereupon came the defendant and filed a motion to set aside judgment, finding and decree of the court, and grant a new trial herein for the reasons stated in said .motion, which motion is overruled by the court. To which the defendant excepts, and on motion of the defendant the usual statutory time is allowed for preparing and having allowed a bill of his exceptions herein.
“And on motion of the defendant, it is ordered that execution of above sentence be suspended until the first day of January, 1917, to enable the said defendant to file a petition in error herein.”
It is contended by counsel for the plaintiff in error that the trial judge was without authority to find the defendant guilty of failing to support one of his minor children, and not guilty of failing to support the other; for the reason that there is but one count in the indictment and that therefore he must be found guilty as to both children, or found not guilty — that there can be no separation in the finding as to the innocence or guilt of the accused with reference to the two children. In other words, it is urged that there was but one course open to the trial judge under the form of this indictment — either find the defendant *343 guilty of failing to support both of his minor children, or acquit him of the charge made against him of failing to support both.
We do not think the claim of learned counsel in this respect sound. While we feel that it would have been in better form to have made two counts in the indictment, yet, when the accused did not take advantage of this by motion or demurrer, and went to trial upon the indictment as returned, we do not think that he was in any way prejudiced when he was found guilty of failing to support one of the children and discharged as to the other. We do not see how it could seriously be contended that if the case had been submitted to a jury under proper instructions from a trial judge, the trial judge would of necessity, under the law, have instructed the jury that if they found from the evidence that the defendant had failed to support both of his children, then they should return a verdict in accordance with such finding; but if they found, under the evidence, that he was guilty of failing to support one, and not the other, then they should so find in their verdict. This case was submitted to the trial judge without the intervention of a jury, and, by so doing, the court was clothed with power and authority to determine the facts and apply the law applicable to the state of facts as found by him, and in the instant case we are unable to find wherein the plaintiff in error has been in any way prejudiced by the finding of facts and the application of the law thereto, as contained in the conclusions of law found by the court.
*344 Finding no prejudicial error in the record, the judgment of the common pleas court is affirmed.

Judgment affirmed.

Shields and Powell, JJ., concur.