STATE, APPELLEE, *v.* SHARIER, APPELLANT.

(No. 4250—Decided June 4, 1952.)

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. Alfred E. Vuillemin,* for appellee.

*Mr. William B. Young,* for appellant.

HUNSICKER, P. J.  Joseph Sharier, appellant herein, *in propria persona,* filed an appeal on questions of law from a judgment on his plea of guilty to an indictment returned against him by the grand jury of Summit county, Ohio.  This indictment contained six counts. The first four counts charged that Sharier did "unlawfully and willfully neglect and refuse to provide" proper home, care, food and clothing for his minor children.  Each count refers to a separate child. Count number five charged that Sharier did "unlawfully and willfully neglect and refuse to provide" proper home, food, care and clothing for his wife, who then was pregnant.  Count number six charged that Sharier "did unlawfully and willfully" abandon his wife, who then was pregnant.

The judgment entry reads in part that Sharier "on April 25, 1951, entered a plea of guilty to the charges of nonsupport of minor children, nonsupport of pregnant woman, and abandoning a pregnant woman, as contained in the six counts of the indictment returned against him herein, which plea was accepted by the court."

The trial court thereupon sentenced Sharier to the Ohio State Penitentiary at Columbus, Ohio, "for an indeterminate period of not less than the minimum of one (1) year and not more than the maximum of three (3) years on each of the first, second, third, fourth and fifth counts of the indictment, as provided by Section 13008 of the General Code of Ohio for the punishment of the crimes of nonsupport of minor children and nonsupport of a pregnant woman, and not less than the minimum of one (1) year and not more than the maximum of three (3) years as provided by Section 13009 of the General Code of Ohio for the punishment of the crime of abandoning a pregnant woman, said second, third and fourth counts of the indictment to run concurrently with each other, but consecutively with the first count of the indictment, and said fifth and sixth counts of the indictment to run concurrently with each other, but consecutively with the first, second, third and fourth counts of the indictment * * *."

On November 1, 1951, Sharier filed his appeal, and some months later secured the services of counsel to present his appeal to this court. Leave to file the appeal was granted by this court, the prosecuting attorney of this county consenting in writing thereto.

No briefs were filed by the state, and counsel for Sharier filed a motion to grant the relief prayed for in the appeal and to enter an order "nihil dicit."

At the hearing on the motion to enter an order

"nihil dicit" filed by counsel for Sharier, all parties agreed that the matter be also submitted on its merits.

We overrule the motion of Sharier to grant the relief he seeks, and proceed to a determination of the case on its merits.

Sharier contends that, although he pleaded guilty to the indictment that he did "unlawfully and willfully neglect and refuse to provide home, food, care and clothing" for each of his four children and his wife, and did "unlawfully and willfully leave" his pregnant wife "with intent to abandon her," he was guilty of but two offenses—to wit, one of neglecting his children, and the other of neglect or abandonment of his pregnant wife.

Sharier, through his counsel, insists that "the court was excessive in his sentence and penalty, for the reason that each count was considered a separate criminal act," whereas in fact there was but one criminal act, such act being a violation of Section 13008, General Code.

An examination of the statutes discloses that Section 13008, General Code, makes it a crime to fail, neglect or refuse to provide the "necessary or proper home, care, food and clothing" for a child or a man's pregnant wife, whereas Section 13009, General Code, makes it a crime for a husband to leave, with intent to abandon, his pregnant wife.

Sharier's contention as to the fifth and sixth counts of the indictment are not sound. Two separate offenses are charged, based upon separate sections of the statutes. It is also to be observed that, when the trial court sentenced Sharier on these two counts, such sentences were to run concurrently.

The statute (Section 13008, General Code) upon which the first four counts of the indictment are based specifically uses the word child; it does not say "child

or children." We think this is significant and means that, for each child coming within its terms, a separate offense is committed.

In the case of *Baker* v. *State*, 6 Ohio App., 339, where an indictment in one count stated that the defendant therein had failed to support his two minor children, the court in discussing this form of indictment said, at p. 343, as follows:

"While we feel that it would have been in better form to have made two counts in the indictment, yet, when the accused did not take advantage of this by motion or demurrer, and went to trial upon the indictment as returned, we do not think that he was in any way prejudiced when he was found guilty of failing to support one of the children and discharged as to the other."

In the instant case, we have the four children of Sharier, whom he has failed to support. A separate offense as to each child has been committed. They are not the same criminal acts, and therefore the provisions of Section 13437-31, General Code, do not apply. The trial court in the situation herein, upon the plea of guilty, had authority to impose the sentence set forth in the judgment.

*Judgment affirmed.*

Doyle and Stevens, JJ., concur.